OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The record before the court on the motions for summary judgment demonstrates that plaintiffs decedent had paid a fee for the privilege of being admitted to the pit area of the Orange County Fair Speedway, where the accident that caused his death occurred. Since admission to the pit area was a necessary condition to decedent’s participation in the race, General Obligations Law § 5-326, which is operative when an owner or operator of a recreational facility has received "a fee * * * for the use of [the] facilit[y],” is applicable. We do not consider whether the decedent, who defendants claim was a professional race car driver, was a “user” of the recreational facility within the meaning of General Obligations Law § 5-326, since that issue was not raised before the trial court. Accordingly, since there is no cognizable basis for withholding application of the statute, the release the decedent signed purporting to exonerate the track owner and race promoter from liability for injury must be deemed unenforceable, and it cannot serve as a basis for dismissing plaintiffs complaint (cf., Lago v Krollage, 78 NY2d 95, 101 [General Obligations Law § 5-326 not applicable where only fee was one paid in connection with decedent’s application to become a member and licensee of a race promotion organization rather than for the use of a particular racetrack]).
Nor is the affirmative defense of assumption of risk which defendants asserted a viable ground for dismissing the *970 complaint as a matter of law. Plaintiffs submissions included expert affidavits indicating that the contour of the track’s retaining wall, as well as the design of its guardrail and the placement of barrels near the guardrail, was unique and created a dangerous condition over and above the usual dangers that are inherent in the sport of auto racing. Although plaintiffs decedent may have been an experienced race car driver who assumed the risks of injury that ordinarily attend auto races, these affidavits were sufficient to create a triable question of fact as to whether defendants’ alleged negligence, if any, engendered additional risks that "do not inhere in the sport” and, if so, whether the decedent should be deemed to have assumed those risks by voluntarily participating in the race (see, Turcotte v Fell, 68 NY2d 432, 444).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum. Certified question answered in the negative.