■ KENNETH MATHIS, Respondent, v NEW YORK HEALTH CLUB, INC., Doing Business as NEW YORK HEALTH AND RACQUET CLUB, et al., Appellants. [690 NYS2d 433] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered November 10, 1998, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured while using a weight training machine and has named as defendants herein the health club in which his injury occurred and the trainer who was supervising his training at the time of the injury. Defendants have moved to dismiss the complaint, claiming in support of their motion that plaintiff voluntarily assumed the risks that materialized in his injury. While it is clear that plaintiff, who was not a novice to weight training, did assume those risks ordinarily entailed by properly supervised weight training, he cannot be said to have assumed risks in excess of those usually encountered in the activity, particularly unreasonably increased risks attributable to lapses in judgment by a trainer whose qualifications, plaintiff alleges, were not all they had been represented to be by defendant health club at the time plaintiff purchased the club's specialized training package. According to plaintiff, defendant trainer increased the weight on the training machine plaintiff had been using to 270 pounds and, despite plaintiff's repeatedly expressed doubts as to whether he could handle so much weight, urged plaintiff to continue with his repetitions. Given this scenario, factual issues are raised as to whether plaintiff's injury, which allegedly occurred in the course of the repetitions urged upon him by defendant trainer, was not the consequence of risks which, although inherent in weight training, were unreasonably augmented by culpable misjudgment as to plaintiff's capacity to bear so much weight (*see, Owen v R.J.S. Safety Equip.,* 79 NY2d 967). Concur—Sullivan, J. P., Tom, Wallach and Lerner, JJ.