■ Cory Huneau et al., Respondents, v Maple Ski Ridge, Inc., Appellant. [794 NYS2d 460]—

Lahtinen, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered September 14, 2004 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

In March 2001, then 16-year-old plaintiff Cory Huneau (hereinafter plaintiff) was snow tubing with friends at Maple Ski Ridge in the City of Schenectady, Schenectady County, when he was struck by other tubers while allegedly attempting to exit after a ride down the hill. He sustained a fractured hip and he and his parents subsequently commenced this negligence action against defendant. Following disclosure, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendant appeals.

---

Defendant argues that the accident in which plaintiff was injured fell within the risks assumed by participating in snow tubing. A person who elects to engage in a sport or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Dobert v State of New York*, 8 AD3d 873, 874 [2004]; *Tremblay v West Experience*, 296 AD2d 780, 780 [2002]). A participant does not, however, assume risks that result in a "dangerous condition over and above the usual dangers inherent in the activity" (*Rios v Town of Colonie*, 256 AD2d 900, 900 [1998]; *see Daigle v West Mtn.*, 289 AD2d 838, 839 [2001]).

Defendant's manager acknowledged at her deposition that the duties of the attendant stationed at the top of the run included maintaining a sufficient distance between tubers to afford adequate time to clear the bottom of the run before the next tuber arrived. The attendant at the bottom is supposed to make sure that the exit area is cleared. While defendant submitted an affidavit from a nonparty witness who essentially stated that the accident occurred because of plaintiff's horseplay, plaintiff set forth a different version of events. He testified at his deposition that, without any request by him, the attendant at the summit spun his tube as he pushed him. In his affidavit in opposition to defendant's motion, plaintiff added that the spinning caused him to experience some dizziness, slowing his ability to exit after his ride. He stated that at the end of his ride he bumped into a rider who had not yet cleared the area, causing her to fall. As he then allegedly attempted to clear the area, he reportedly saw two tubers immediately upon him. He claims he tried to jump over the tubers to avoid a collision, but was struck and injured. We agree with Supreme Court that, viewing this evidence in the light most favorable to the nonmovant (*see Daigle v West Mtn., supra* at 840), summary judgment is inappropriate because there are factual issues as to whether the alleged actions of the attendants were inconsistent with their job duties and unreasonably increased the risk of injury.

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.