■ DONAVON T. CURTIS, Appellant, v TOWN OF INLET et al., Defendants, and TOWN OF WEBB, Respondent. [823 NYS2d 319]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered June 20, 2005 in a personal injury action. The order granted the motion of defendant Town of Webb for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while snowmobiling. According to plaintiff, the snowmobile trail at issue, which was located in the Town of Webb (defendant), was not marked to warn of an upcoming "Y" intersection and he therefore continued to travel straight ahead, careening over an embankment and into a ravine. Supreme Court erred in granting the motion of defendant for summary judgment dismissing the amended complaint against it on the ground that the dangers encountered by plaintiff on the snowmobile trail were inherent in the sport of snowmobiling and plaintiff assumed the risk of his injuries (*see Alessi v Boy Scouts of Am. Greater Niagara Frontier Council*, 247 AD2d 824, 824-825 [1998]). In order to establish its entitlement to judgment as a matter of law based on a plaintiff's as-

sumption of risk, the defendant must establish that the plaintiff was aware of the allegedly defective or dangerous condition and the accompanying risk, although "[i]t is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]). Whether the plaintiff was aware of the risk assumed depends upon "the background of the skill and experience of the particular plaintiff" (*id.*; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *see also Lamey v Foley*, 188 AD2d 157, 164 [1993]). Here, defendant failed to meet its initial burden on the motion. In support thereof, defendant failed to submit any evidence setting forth the risks inherent in the sport of snowmobiling or any evidence establishing that the trail at issue was free from defects not inherent in the sport, such as inadequate trail signage (*see generally Rosati v Hunt Racing, Inc.*, 13 AD3d 1129, 1130 [2004]). We conclude in any event that plaintiff raised issues of fact with respect to his training and experience as a snowmobiler and whether, under the circumstances, the signage of the trails was sufficient to satisfy defendant's duty to "make the conditions as safe as they appear to be" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.