OPINION OF THE COURT
Alfred J. Weiner, J.
In this action plaintiff seeks damages for injuries allegedly *1008 sustained when she slipped and fell on defendant’s golf course. Plaintiff contends that she fell in the “rough” area adjacent to the 12th hole “green” when she slipped on “about 30 golf balls” that were piled under leaves and clippings.[1] Plaintiff contends she never saw the pile of clippings as she approached to retrieve her golf ball.[2]
Defendants have now moved pursuant to CPLR 3212 (a) for summary judgment and the dismissal of plaintiff’s complaint contending, in substance, that by participating in the game of golf, plaintiff assumed the risk of tripping on golf balls.
Plaintiff opposes the motion and states that the condition that caused plaintiff to slip and fall is not a commonly appreciated risk that is inherent in the game of golf.
In support of their motion, defendants contend that plaintiff was an experienced golfer who had been a member of defendant’s golf club for approximately 11 years and typically played golf three to five times a week. By virtue of her experience and participation in the sport of golf, defendants contend, plaintiff not only assumed the risk of tripping on a golf ball but fully understood and consented to those commonly appreciated risks that are inherent in the sport including those risks that are known and apparent or those that are reasonably foreseeable. Slipping on a golf ball, they contend, is one of those inherent risks plaintiff assumed.
Plaintiff opposes defendants’ motion and contends that an accumulation of approximately 30 golf balls obscured by grass clippings and leaves cannot be deemed an ordinary and commonly appreciated risk associated with the game of golf. In fact, plaintiff contends the concealed nature of the collected golf balls was a hazard and rendered the circumstances impossible for plaintiff to reasonably anticipate or expect to encounter and, therefore, defendants’ motion must be denied.
It is well established in the law that a party seeking summary judgment must establish their position by evidentiary proof in admissible form sufficient to warrant judgment for them as a matter of law. (Zuckerman v City of New York, 49 NY2d 557 [1980].) If the proponent of such motion does not tender evidence which would eliminate material issues of fact, the motion must be denied, regardless of the sufficiency of the opposition. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].)
*1009 It is also well established in the law that
“[o]ne who takes part in ... a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball.” (Murphy v Steeplechase Amusement Co., 250 NY 479, 482 [1929].)
In effect, if an injury-causing event is a known, apparent or reasonably foreseeable consequence of one’s participation in a sport, the participant is deemed to have actually or impliedly consented to that risk. (Turcotte v Fell, 68 NY2d 432 [1986].)
The question then is whether the gathered and concealed golf balls that apparently caused plaintiffs fall were a known, apparent or reasonably foreseeable consequence of plaintiff’s participation in the game of golf.
When viewing defendant’s submission in a light most favorable to the plaintiff, as the court is required to do (Bush v Lamb-Grays Harbor Co., 246 AD2d 768 [1998]), the court concludes that defendant has failed to show that the accumulated cluster of golf balls that caused plaintiff to fall was an inherent risk of the game of golf and not a unique and dangerous condition — an aberration — beyond the usual dangers that are inherent in the sport. (Owen v R.J.S. Safety Equip., 79 NY2d 967 [1992]; Cole v New York Racing Assn., 24 AD2d 993 [1965], affd without op 17 NY2d 761 [1966].) Accordingly, defendant is not entitled to summary judgment as a matter of law. The motion is, therefore, denied.

. Plaintiffs September 28, 2006 deposition, at 34, line 10.

. Plaintiffs September 28, 2006 deposition, at 40, line 4.