■ James C. Youmans et al., Appellants, v Maple Ski Ridge, Inc., Respondent. [862 NYS2d 626]—

Spain, J. Appeal from an order of the Supreme Court (Platkin, J.), entered July 18, 2007 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff James C. Youmans (hereinafter plaintiff) and his wife, derivatively, commenced this negligence action after plaintiff was injured at defendant's snow tube park in Schenectady County. The snow tube area consists of three lanes each separated by a snowbank (or berm); there are spaces or cut-outs in the berms to allow tubers to walk between the lanes to the lift. Plaintiff alleged that he and his young daughter had each completed a run down, his third run, in separate lanes when he tried to cross over the berm from his lane into his daughter's adjacent lane and fell, injuring his left ankle. He claimed that he had been hurrying over the berm to help his daughter get out of the way because he had "noticed that there was another tube coming down the hill towards us." The ski patrol came to his assistance and he was transported to a hospital. After joinder of issue and discovery, Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and plaintiffs now appeal.

Plaintiffs' theory is that defendant negligently operated the tube park in that it failed to have any employees posted at the bottom of the runs and allowed tubers to be sent down while plaintiff and his daughter were still in their lanes, necessitating his efforts to help her leave the area quickly. Under settled assumption of risk principles, a person who elects to engage in a sporting or recreational activity, such as snow tubing, "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Huneau v Maple Ski Ridge, Inc.*, 17 AD3d 848, 849 [2005]). As a result, such participants "may be held to have consented to those injury-causing events which are known, apparent or reasonably foreseeable" (*Rubenstein v Woodstock Riding Club*, 208 AD2d 1160, 1160 [1994]; *see Tilson v Russo*, 30 AD3d 856, 857 [2006]). The duty owed under these circumstances "is a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986] [citations omitted]). Participants, of course, are not deemed to have assumed risks which are the

result of reckless or intentional conduct, or risks "concealed or unreasonably increased" (*Morgan v State of New York*, 90 NY2d at 485, 485; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]), i.e., a result of conditions created by the defendant which are "unique and created a dangerous condition over and above the usual dangers that are inherent in the sport" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]; *see Huneau v Maple Ski Ridge, Inc.*, 17 AD3d at 849).

On its motion, defendant had the burden of demonstrating that plaintiff assumed the risk of injury inherent in snow tubing by electing to participate in the activity, and the evidence is viewed most favorably to plaintiffs as nonmovants (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]). Defendant's general manager testified that attendants are posted in each lane at the top of the hill to make sure that the next tuber does not leave until the descending tuber ahead has passed a certain point in order to safely space the tubes and prevent collisions. Plaintiffs testified that attendants were present at the top that day. Plaintiff and his wife,[1] however, testified that no attendants were in the lanes at the bottom of the tube run or nearby, testimony which must be credited for purposes of defendant's motion.[2]

Supreme Court correctly concluded that defendant satisfied its burden of establishing that plaintiff assumed the risk of falling on snow, a commonly appreciated and obvious risk inherent in and arising out of the nature of the sport of snow tubing (*see Morgan v State of New York*, 90 NY2d at 484; *Turcotte v Fell*, 68 NY2d at 439; *Huneau v Maple Ski Ridge, Inc.*, 17 AD3d at 849; *see also Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893, 894 [2006], *affg* 28 AD3d 1019, 1019-1020 [2006]). In opposition, plaintiffs did not allege facts from which it could be concluded that defendant concealed or unreasonably enhanced the danger, engaged in reckless or intentional conduct, or created conditions which were unique or above those inherent in this activity (*see Morgan v State of New York*, 90 NY2d at 487; *Tilson v Russo*, 30 AD3d at 858-859; *cf. Huneau v Maple Ski Ridge, Inc.*, 17 AD3d at 849). Plaintiff's vague and equivocal testimony that he observed tubes descending—at an unspecified distance—in one or both of their lanes and that no attendants were present at the bottom of the run is insufficient to create a

---

1. Plaintiff's wife did not see plaintiff fall but came down on a tube shortly after plaintiff's fall and summoned help.

2. By contrast, the general manager testified—and the operator's log for that day documented—that attendants are posted at the bottom of each lane to keep tubers moving out of lanes at the end of their runs.

question of fact regarding negligent operation of the tube park (*cf. Huneau v Maple Ski Ridge, Inc.*, 17 AD3d at 849). Plaintiff fell when he attempted to traverse the berm separating his lane and his daughter's lane without using the cut-outs. Significantly, plaintiff and his daughter were not hit by descending tubes or tubers despite plaintiff's incapacitating injury. Indeed, plaintiffs failed to adduce any evidence from which a jury could conclude that the attendants at the top of the hill inadequately spaced the descending tubers—unreasonably enhancing the danger to plaintiff and his daughter—or that the presence of attendants at the bottom was necessary, in this scenario or as an industry standard, and would have prevented or minimized plaintiff's injury. Thus, an award of summary judgment to defendant dismissing the complaint was warranted.

Peters, J.P., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.