■ CAROLYN CLAUSS et al., Respondents, v MICHAEL BUSH, Appellant. [914 NYS2d 325]—

Stein, J. Appeal from an order of the Supreme Court (Muller, J.), entered July 13, 2009 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Carolyn Clauss (hereinafter plaintiff) and her husband, derivatively, commenced this action seeking damages for injuries plaintiff sustained as a result of a collision with defendant while skiing. One morning in March 2004, plaintiff, an expert skier who had been skiing for over 30 years and had skied the trail on which the collision occurred hundreds of times before, collided with defendant approximately one third of the way down the trail. Plaintiff fractured her left arm and/or wrist as a result of the collision.

Defendant moved for summary judgment dismissing the complaint, asserting that plaintiff assumed the risk of injury while voluntarily participating in a recreational activity. In addition, defendant asserted that he was not negligent or reckless as a matter of law. Supreme Court denied the motion, finding that a question of fact existed as to whether defendant was negligent and whether such negligence was "within the range

of risks that will not be assumed by a voluntary participant in a sporting activity." Defendant appeals and we affirm.

A person who participates in downhill skiing assumes the usual risks inherent in that activity (i.e., those that are known, apparent or reasonably foreseeable), including the risk of personal injury caused by other persons using the facilities (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Duncan v Kelly*, 249 AD2d 802, 803 [1998]; *Martin v Luther*, 227 AD2d 859, 860 [1996]). However, not included within the range of risks assumed are those created by another skier's negligent conduct that is " 'over and above the usual dangers that are inherent in the sport' " (*Morgan v State of New York*, 90 NY2d at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]). "Application of the doctrine [of assumption of risk] is generally considered a question of fact for the jury" (*Pantalone v Talcott*, 52 AD3d 1148, 1149 [2008] [citation omitted]).

Here, defendant met his initial burden on the motion by submitting his deposition testimony that, just before the collision, he was skiing downhill from plaintiff at a speed of less than five miles per hour and that, as he was traversing the slope, plaintiff suddenly turned toward him. Although he attempted to turn uphill to get out of plaintiff's way, he was unable to turn quickly enough due to the wet, heavy snow. Thus, the burden shifted to plaintiff to demonstrate a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

In opposition to the motion, plaintiff offered her deposition testimony that she was an expert skier and that, as a matter of course, while skiing she would look ahead and out for other skiers. She further testified that, at the time of the collision, she was skiing a fairly straight route, making tight, short radius turns. In contrast, defendant admitted that he sometimes had difficulty controlling his speed and direction, that he was making radical turns criss-crossing the trail and that, at the time of the collision, he was attempting to avoid a patch of icy snow. Plaintiff also noted defendant's testimony that he was unable to stop even when it was apparent that a collision with plaintiff was imminent. Moreover, defendant was not an expert skier but was skiing on an expert trail. In addition, plaintiffs provided the expert affidavit of the director of the ski school—a class three professional instructor—who opined, as relevant here, that defendant's conduct was reckless. Viewing the evidence in the light most favorable to plaintiffs, we find that plaintiffs have

demonstrated the existence of questions of fact as to whether defendant was skiing beyond his ability, failed to yield the right-of-way or otherwise lost control of his speed or direction (see General Obligations Law § 18-105 [2], [4], [9]) and as to whether defendant's conduct was intentional, reckless or otherwise subjected plaintiff to a risk over and above those inherent risks that she voluntarily assumed by skiing (see *Youmans v Maple Ski Ridge, Inc.*, 53 AD3d 957, 959 [2008]; *Huneau v Maple Ski Ridge, Inc.*, 17 AD3d 848, 849 [2005]).

Cardona, P.J., Mercure and Garry, JJ., concur. Ordered that the order is affirmed, with costs.