■ Sara A. Finn et al., Respondents, v Michael Barbone, Individually and Doing Business as West Mountain Ski Resort, et al., Appellants. [921 NYS2d 704]—

McCarthy, J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered October 4, 2010 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendant West Mountain Ski Resort operates a ski facility in the Town of Queensbury, Warren County. Defendant Michael Barbone is a co-owner and is in charge of the day-to-day operation of the facility. In December 2008, plaintiff Sara A. Finn (hereinafter plaintiff) was injured when she fell as she got off a chairlift at the facility. Plaintiff, and her husband derivatively, commenced this negligence action against defendants and, following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied defendants' motion, prompting this appeal.

We affirm. "A person who participates in downhill skiing assumes the usual risks inherent in that activity" (*Clauss v Bush*, 79 AD3d 1397, 1398 [2010]), including "risks associated with the use of a chairlift, when the participant is aware of, appreciates and voluntarily assumes those risks" (*de Lacy v Catamount Dev. Corp.*, 302 AD2d 735, 736 [2003]; *see Morgan v Ski Roundtop*, 290 AD2d 618, 620 [2002]). Participants will not, however, be deemed to have assumed risks that result from a defendant "creat[ing] a dangerous condition over and above the usual dangers that are inherent in the sport" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]; *see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Youmans v Maple Ski Ridge, Inc.*, 53 AD3d 957, 959 [2008]).

Here, plaintiff, an experienced skier, testified that, on the eve-

ning she was injured, the temperature was well below freezing and defendants were operating their snowmaking guns. After completing a couple of runs down the mountain without a problem, plaintiff and her husband decided to ski a different trail. According to plaintiff, the snow guns were positioned right underneath the chairlift for that trail, causing the snow to be blown directly on them, creating "a blizzard effect." Plaintiff alleges that, on her second ride up the chairlift, as a result of the man-made snow being blown directly on her, a layer of ice and snow developed on the bottom of her skis. She testified that, when she exited the chairlift, the accumulation of snow and ice on her skis caused them to stick in the snow, resulting in her fall.

In support of their motion for summary judgment, defendants presented the affidavit and testimony of Barbone, who was in charge of the facility's snowmaking operation. He testified that, although he could not remember where the snow guns were placed on the evening in question, he would not have had the guns pointed at the chairlift due to potential problems that a buildup of snow would cause to the machinery of the lift. Further, in his opinion, the snow could not have stuck to plaintiff's skis due to the cold temperature that evening and the limited amount of time that she would have been subjected to the snow guns while riding the chairlift. Barbone also opined that any snow that had accumulated on plaintiff's skis was the result of her prior skiing that evening and not due to the snow guns, and that plaintiff's skis were worn down and not properly maintained, leaving them vulnerable to having snow stick to them. Viewing this evidence, as we must, in a light most favorable to plaintiffs as the nonmovants (see Gadani v Dormitory Auth. of State of N.Y., 43 AD3d 1218, 1219 [2007]), we agree with Supreme Court that a triable issue of fact exists as to whether defendants created a danger over and above the inherent dangers of the sport; summary judgment is therefore not appropriate.

Peters, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.