■ RENEE HYDE, Individually and as Parent and Natural Guardian of RACHAEL HYDE, an Infant, Respondent, v NORTH COLLINS CENTRAL SCHOOL DISTRICT, Appellant. [922 NYS2d 677]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered October 7, 2010 in a personal injury action. The order, insofar as appealed from, denied defendant's motion for summary judgment with respect to the issue of assumption of risk.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, individually and as parent and natural guardian of her daughter, commenced this action seeking damages for injuries sustained by her daughter when she slid into second base during a junior varsity softball game. We conclude that Supreme Court properly denied that part of defendant's motion to dismiss the complaint based on the theory of assumption of risk. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). A plaintiff is deemed to have assumed the risk where the "injury-causing events . . . are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]). If the plaintiff fully comprehends the risks of the activity or the risks are " 'perfectly obvious, [then the] plaintiff has consented to them and [the] defendant has performed its duty' " (*Morgan*, 90 NY2d at 484, quoting *Turcotte*, 68 NY2d at 439). It is not necessary that the injured plaintiff foresee the exact manner in which the injury occurs, as long as he or she was " 'aware of the potential for injury of the mechanism from which the injury results' " (*Curtis v Town of Inlet*, 32 AD3d 1311, 1312 [2006], quoting *Maddox v City of New York*, 66 NY2d 270, 278 [1985]). Awareness of the risk must be " 'assessed against the background of the skill and experience of the particular plaintiff' " (*Morgan*, 90 NY2d at 486). Although even a plaintiff who is a novice is expected to appreciate the obvious risks inherent in a sport (*see Griffin v Lardo*, 247 AD2d 825 [1998], *lv denied* 91 NY2d 814 [1998]), there are several factors that must be taken into account, including the age of the plaintiff and the plaintiff's skill and experience (*see Kroll v Watt*, 309 AD2d 1265 [2003]; *see also Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 820 [2007], *lv denied* 9 NY3d 817 [2008]).

"Generally, the issue of assumption of risk is a question of fact for the jury" (*Lamey v Foley*, 188 AD2d 157, 164 [1993]). Here, plaintiff's daughter had some prior experience playing softball and understood that sliding was part of the game, although she testified at the General Municipal Law § 50-h hearing that she was never taught how to slide and had never attempted to slide in practice. She further testified that no more than five minutes were spent discussing the topic in practice. Immediately before the game at issue, the umpire informed plaintiff's daughter that if it was a close play and the runner did not slide or was not on the ground, she would be called out. Plaintiff's daughter had observed her teammates on other teams slide and get injured, but she had never seen any of them suffer a serious injury. Under those circumstances, we conclude that there is a question of fact whether, based on her experience, plaintiff's daughter was aware of and appreciated the risks of sliding (*see Taylor v Massapequa Intl. Little League*, 261 AD2d 396, 397-398 [1999]).

Defendant contends for the first time on appeal that the negligent hiring claim should have been dismissed, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Centra, J.P., Fahey, Lindley, Gorski and Martoche, JJ.