# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**691**

**CA 11-02220**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

DAWN M. CLOSE, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

DARIEN LAKE THEME PARK AND CAMPING RESORT, INC.,
DEFENDANT-RESPONDENT.

---

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 28, 2011 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained on a water ride in an amusement park owned by defendant. Contrary to plaintiff's contention, Supreme Court properly granted the motion of defendant for summary judgment dismissing the complaint. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; *see Anand v Kapoor*, 15 NY3d 946, 947-948; *Turcotte v Fell*, 68 NY2d 432, 439; *Maddox v City of New York*, 66 NY2d 270, 277-278). Awareness of the risk is " 'to be assessed against the background of the skill and experience of the particular plaintiff' " (*Morgan*, 90 NY2d at 486, quoting *Maddox*, 66 NY2d at 278). Here, "defendant sustained its burden of proving its prima facie entitlement to judgment as a matter of law . . . by presenting evidence that the plaintiff understood and voluntarily assumed the risks inherent in the activity at issue" (*Leslie v Splish Splash at Adventureland, Inc.*, 1 AD3d 320, 321). Contrary to plaintiff's contention, she failed to raise a triable issue of fact whether defendant engaged in reckless or intentional conduct or whether there existed a dangerous condition that concealed or unreasonably increased the risks of the ride (*see Youmans v Maple Ski Ridge, Inc.*, 53 AD3d 957, 959; *see also Loewenthal*

*v Catskill Funland*, 237 AD2d 262, 263-264).