■ Qɪ Sʜᴇɴɢ Lᴜ, Respondent, v Wᴏʀʟᴅ Wɪᴅᴇ Tʀᴀᴠᴇʟ ᴏꜰ Gʀᴇᴀᴛᴇʀ Nᴇᴡ Yᴏʀᴋ, Lᴛᴅ., et al., Appellants. [974 NYS2d 547]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 29, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

This action arises out of a motor vehicle accident that occurred on December 24, 2010, at approximately 1:00 a.m., at the intersection of Division Street and Bowery in Manhattan. The plaintiff alleged that he was waiting to make a right turn onto Bowery when the defendants' bus came into his lane and struck the side of his vehicle. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion.

In support of his motion, the plaintiff established his prima facie entitlement to judgment as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023 [2010]; Them-Tuck Chung v Pinto, 26 AD3d 428, 429 [2006]; Gomez v Sammy's Transp., Inc., 19 AD3d 544 [2005]). However, in opposition thereto, the defendants raised a triable issue of fact, inter alia, as to how the accident occurred (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Jimenez v Kimmerling, 95 AD3d 953, 954 [2012]; Tovmasyan v New York City Tr. Auth., 75 AD3d 638 [2010]). Contrary to the Supreme Court's determination, the alleged technical defect relating to the notary public's stamp that was imprinted upon the affidavit of the defendant Yvon Pressoir did not invalidate the official act of the notary public (see CPLR 2001; Executive Law § 137; Parkhill v Cleary, 305 AD2d 1088, 1089 [2003]) and, hence, did not invalidate the affidavit. Moreover, the alleged defect was raised for the first time in the plaintiff's reply papers and was sufficiently addressed by the defendants in their sur-reply papers (see generally Hanscom v Goldman, 109 AD3d 964, 964 [2013]). Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.

■ Sᴛᴇᴠᴇɴ Rɪsᴘᴏʟɪ, an Infant, by His Father and Natural Guardian, Rᴏɴᴀʟᴅ Rɪsᴘᴏʟɪ, et al., Respondents, v Lᴏɴɢ Bᴇᴀᴄʜ Uɴɪᴏɴ Fʀᴇᴇ Sᴄʜᴏᴏʟ Dɪsᴛʀɪᴄᴛ, Defendant, and Lᴏɴɢ Isʟᴀɴᴅ Wʀᴇsᴛʟɪɴɢ Oꜰꜰɪᴄɪᴀʟs Assᴏᴄɪᴀᴛɪᴏɴ, Iɴᴄ., et al., Appellants. [975 NYS2d 107]—

In an action to recover damages for personal injuries, etc., the defendants Long Island Wrestling Officials Association, Inc., and Richard Petracca appeal from an order of the Supreme Court, Nassau County (Bruno, J.), dated June 4, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Long Island Wrestling Officials Association, Inc., and Richard Petracca for summary judgment dismissing the complaint insofar as asserted against them is granted.

On December 8, 2008, the then-15-year-old plaintiff Steven Rispoli (hereinafter the injured plaintiff) was injured while participating in a high school wrestling match during which he fell to the mat. The injured plaintiff, by his father, Ronald Rispoli, and Ronald Rispoli, individually, commenced this action, alleging, inter alia, that negligent refereeing caused or contributed to the injured plaintiff's injury. Specifically, the plaintiffs alleged that the referee failed to stop the match when the wrestlers entered into a potentially dangerous position, even though the referee had previously stopped the match under the same circumstances. The defendants Long Island Wrestling Officials Association, Inc. (hereinafter LIWOA), and Richard Petracca (hereinafter the referee) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motion.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]). In assessing whether a defendant has violated a duty of care in the context of an injury sustained during a sport or game, the court must determine whether the defendant created a unique condition " 'over and above the usual dangers that are inherent in the sport' " (*Morgan v State of New York*, 90 NY2d at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]).

Here, the LIWOA and the referee (hereinafter together the appellants) demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the injured plaintiff assumed the risk of injury by voluntarily participating in the sport of wrestling, thereby consenting to the commonly appreci-

ated risks which are inherent in and arise out of the sport generally and flow from such participation. Furthermore, the appellants submitted evidence establishing that the wrestling position at issue was only considered potentially dangerous for the injured plaintiff's opponent, not for the injured plaintiff, and, therefore, the referee's failure to stop the match did not unreasonably increase the injured plaintiff's risk of injury. In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

In view of the foregoing, we need not address the appellants' remaining contentions. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31585(U).]**

■ YOLANDA ROMAN, Appellant, v EMIGRANT SAVINGS BANK-BROOKLYN/QUEENS et al., Respondents. [976 NYS2d 481]—

In an action, inter alia, for injunctive relief and to recover damages for breach of the implied warranty of habitability, the plaintiff appeals, as limited by her brief, from (1) so much an order of the Supreme Court, Nassau County (Iannacci, J.), dated March 6, 2012, as denied her motion to add B/Q Retained Realty, LLC, as a defendant, granted the cross motion of the defendant Birchwood Court Owners, Inc., for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for an award of an attorney's fee, and granted the separate cross motion of the defendant Emigrant Savings Bank-Brooklyn/Queens pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) so much an order of the same court, also dated March 6, 2012, as denied that branch of her motion which was to consolidate the instant action with a holdover proceeding entitled *Matter of B/Q Retained Realty, LLC v Roman*, pending in the District Court, Nassau County, under index No. 005781/11.

Ordered that the first order dated March 6, 2012, is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant Birchwood Court Owners, Inc., which was for summary judgment dismissing so much of the first cause of action as accrued within the six-year period prior to the commencement of the action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the