# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**138**
**CA 13-01104**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

MARK MOORE AND STACY MOORE, INDIVIDUALLY AND AS
PARENTS AND NATURAL GUARDIANS OF SYDNEY MOORE,
PLAINTIFFS-RESPONDENTS,

                    V                                    MEMORANDUM AND ORDER

RICHARD E. HOFFMAN, DEFENDANT-APPELLANT.

---

LAW OFFICES OF KAREN L. LAWRENCE, PITTSFORD (BARNEY BILELLO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (RICHARD A. GRIMM, III, OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 26, 2013 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by their daughter while skiing. According to plaintiffs, their daughter's arm was fractured by defendant's "carelessness and negligence" in colliding with their daughter from behind. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint because there are issues of fact whether the doctrine of assumption of the risk applies and whether defendant's carelessness in colliding with plaintiffs' daughter was reckless conduct.

The daughter testified at her deposition that she was a novice skier and that, at the time of the collision, she was skiing down an easy trail. As she entered the slow skiing area near the end of the trail, she heard defendant yell "whoa" three times just before he struck her from behind. The friend with whom plaintiffs' daughter was skiing asserted in an affidavit submitted by plaintiffs in opposition to the motion that she observed the daughter slowly enter the slow skiing area and then observed defendant, who was skiing "very fast," "r[u]n her over from nearly directly behind," "[w]ithout slowing, stopping or otherwise turning to avoid" her.

It is well established that, "by engaging in a sport or

recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484).  "While awareness or appreciation of such risks must be 'assessed against the background of the skill and experience of the particular plaintiff' . . . , '[t]he risk of injury caused by another skier is an inherent risk of downhill skiing' " (*DeMasi v Rogers*, 34 AD3d 720, 721).  Nevertheless, "a sporting participant 'will not be deemed to have assumed the risks of reckless or intentional conduct' " (*Thornton v Rickner*, 94 AD3d 1504, 1504, quoting *Morgan*, 90 NY2d at 485).  " 'Generally, the issue of assumption of [the] risk is a question of fact for the jury' " (*Hyde v North Collins Cent. Sch. Dist.*, 83 AD3d 1557, 1558; *see Clauss v Bush*, 79 AD3d 1397, 1398).

Here, even assuming, arguendo, that defendant met his initial burden on the motion by "establishing that he did not engage in any 'reckless, intentional or other risk-enhancing conduct not inherent in the activity' of downhill skiing that caused or contributed to the accident" (*Zielinski v Farace*, 291 AD2d 910, 911, *lv denied* 98 NY2d 612), we conclude that there is a triable issue of fact whether defendant's conduct rose to the level of recklessness and thus was over and above the risk assumed by plaintiffs' daughter, a novice skier who was injured while skiing slowly on an easy trail in a slow skiing area.  Indeed, we note that defendant struck plaintiffs' daughter with such force that the daughter's arm was "shattered" and defendant's kidney was lacerated, and thus there is "at least a question of fact as to whether the defendant's speed in the vicinity and overall conduct was reckless" (*DeMasi*, 34 AD3d 721-722).

Entered:  February 14, 2014                          Frances E. Cafarell
                                                      Clerk of the Court