Sopkovich v Smith (2018 NY Slip Op 06342)





Sopkovich v Smith


2018 NY Slip Op 06342


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


885 CA 18-00039

[*1]JOHN J. SOPKOVICH AND CAROL A. SOPKOVICH, PLAINTIFFS-APPELLANTS,
v
DONALD J. SMITH, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






LEWIS & LEWIS, P.C., JAMESTOWN (JOHN I. LAMANCUSO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Eugene F. Pigott, Jr., J.), entered September 20, 2017. The order granted the motion of defendant Donald J. Smith for summary judgment and dismissed the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint against defendant Donald J. Smith is reinstated.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John J. Sopkovich (plaintiff) when he and Donald J. Smith (defendant), a snowboarder, collided on a ski trail. Defendant moved for summary judgment dismissing the complaint against him, contending that plaintiff "assumed the risk of a collision with another downhill skier or snowboarder" and that defendant did not engage in any "reckless, intentional, or other risk-enhancing conduct not inherent in the activity." We conclude that Supreme Court erred in granting defendant's motion.
In support of his motion, defendant submitted, inter alia, his own deposition testimony and that of plaintiff. Plaintiff, an "advanced intermediate skier" who had been skiing for over 40 years, testified that he was "slow[ly]" skiing down a beginner trail when defendant merged onto that trail from an intermediate trail and "impacted [plaintiff] from the left." By contrast, defendant, an "advanced" snowboarder who was familiar with the trails, testified that he had already safely merged onto the beginner trail at an "average" or "normal" speed, was further down the beginner trail than plaintiff and was "very close to a complete stop" at the time of the collision, having observed plaintiff "going fast" "down the hill in a straight line." It looked to defendant as if plaintiff was "out of control" and did not "ha[ve] the ability to make the turn" to avoid defendant. It is undisputed that both men suffered significant injuries, with plaintiff sustaining a broken leg, lacerated kidney and significant contusions to his left side and defendant sustaining broken ribs on the left side of his body and lacerations to his spleen, kidney and diaphragm.
In opposition to the motion, plaintiffs submitted, inter alia, an affidavit from an emergency room physician who was also an 11-year veteran of the National Ski Patrol. Based on his review of the depositions and other records related to the case, the expert opined that, given the nature and extent of plaintiff's injuries, "there [was] no question [that] the force with which [defendant] impacted [plaintiff's] left side and back was immense" and that plaintiff's injuries were "not consistent with [defendant's] deposition testimony" that he had come to or nearly come to a complete stop. The expert further opined that, "[g]iven that [plaintiff] was skiing slowly at the time of the collision, the severe injuries sustained by [both] men, and their [*2]unanimous testimony that the collision was severe, it [was] clear [that defendant] was snowboarding at an extremely high rate of speed at the time of the collision." The expert thus concluded that defendant had "unreasonably increased the risk of harm" to plaintiff by cutting across the beginner trail "at an extremely high rate of speed . . . knowing that there would be skiers and snowboarders traveling down [the beginner trail]" and that defendant's conduct constituted "an egregious breach of good and accepted snowboarding practices."
It is well settled that " [d]ownhill skiing [and snowboarding] . . . contain[] inherent risks including, but not limited to, the risks of personal injury . . . which may be caused by . . . other persons using the facilities' (General Obligations Law § 18-101), and thus there generally is an inherent risk in downhill skiing and snowboarding that the participants in those sports might collide" (Martin v Fiutko, 27 AD3d 1130, 1131 [4th Dept 2006]; see Farone v Hunter Mtn. Ski Bowl, Inc., 51 AD3d 601, 602 [1st Dept 2008], lv denied 11 NY3d 715 [2009]; Zielinski v Farace, 291 AD2d 910, 911 [4th Dept 2002], lv denied 98 NY2d 612 [2002]). It is also well settled, however, that participants in sporting endeavors will not be deemed to have assumed the risks of reckless, intentional or other risk-enhancing conduct not inherent in the sport (see Morgan v State of New York, 90 NY2d 471, 485 [1997]).
Moreover, inasmuch as "the assumption of risk to be implied from participation in a sport with awareness of the risk is generally a question of fact for a jury . . . , dismissal of a complaint as a matter of law is warranted [only] when on the evidentiary materials before the court no fact issue remains for decision by the trier of fact" (Maddox v City of New York, 66 NY2d 270, 279 [1985]; see McKenney v Dominick, 190 AD2d 1021, 1021 [4th Dept 1993]).
Here, even assuming, arguendo, that defendant established as a matter of law that he "did not engage in any reckless, intentional or other risk-enhancing conduct not inherent in the activity of downhill skiing [or snowboarding] that caused or contributed to the accident" (Moore v Hoffman, 114 AD3d 1265, 1266 [4th Dept 2014] [internal quotation marks omitted]), we conclude that plaintiffs raised triable issues of fact whether defendant engaged in such conduct.
As in Moore, the record establishes that the collision was exceedingly violent and, inasmuch as we must accept as true plaintiff's testimony that he was the one who was skiing slowly (see generally Haymon v Pettit, 9 NY3d 324, 327 n [2007], rearg denied 10 NY3d 745 [2008]; Bunk v Blue Cross & Blue Shield of Utica-Watertown, 244 AD2d 862, 862 [4th Dept 1997]), there is "at least a question of fact . . . whether . . . defendant's speed in the vicinity and overall conduct was reckless" (DeMasi v Rogers, 34 AD3d 720, 721-722 [2d Dept 2006]; see Moore, 114 AD3d at 1266). Contrary to defendant's contention, the affidavit of plaintiffs' expert was neither conclusory nor speculative (cf. Gern v Basta, 26 AD3d 807, 808 [4th Dept 2006], lv denied 6 NY3d 715 [2006]).
Thus, we conclude that the court erred in granting defendant's motion and we therefore reverse the order, deny the motion and reinstate the complaint against defendant. Based on our determination, we do not address plaintiffs' remaining contentions.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court