Qiao v Finn (2020 NY Slip Op 07473)





Qiao v Finn


2020 NY Slip Op 07473


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 152443/18 Appeal No. 12581 Case No. 2020-01939 

[*1]George Qiao, Plaintiff-Respondent,
v
Christopher Finn et al., Defendants-Appellants.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellants.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 20, 2020, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was injured during a personal training session at defendant Lifetime Fitness Inc.'s facility when defendant Finn, the trainer, urged him to continue performing exercises after he complained of pain.
Defendants have not established that they are entitled to summary judgment based upon the existence of a signed release and waiver of liability.
Moreover, defendants are not entitled to summary judgment based upon their assumption of the risk defense. It is clear that plaintiff, who was not new to fitness training and had previously injured his right elbow while exercising, voluntarily assumed the risks entailed in properly supervised fitness training. However, plaintiff raised issues of fact as to whether the trainer unreasonably increased the risk of harm by instructing him to continue exercising through the pain that he allegedly complained of in his right elbow (Levy v Town Sports Intern., Inc., 101 AD3d 519 [1st Dept 2012]; Mathis v New York Health Club, Inc., 261 AD2d 345, 346 [1st Dept 1999]).
For similar reasons, defendants' argument that they were not negligent as a matter of law is unavailing. Plaintiff raised disputed issues of fact as to whether the trainer breached a duty of care by allegedly instructing him to continue exercising after he expressed that he was experiencing pain.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020