■ BRETT ROBERTS, Also Known as BRETT LADD, an Infant, by His Mother and Natural Guardian, ESTELLE LADD, et al., Respondents-Appellants, v SKI ROUNDTOP, INC., Appellant-Respondent, PEMBROOK TOURS AND TRAVEL, INC., Respondent, et al., Defendants. [623 NYS2d 264] —In an action to recover damages for personal injuries, (1) the defendant Ski Roundtop, Inc., etc., appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 26, 1993, which denied its motion for summary judgment dismissing the plaintiffs' complaint against it, and (2) the plaintiffs appeal from an order of the same court, dated February 26, 1993, which denied their motion to vacate their default in opposing a motion for summary judgment by the defendant Pembrook Tours and Travel, Inc.

Ordered that the orders are affirmed, without costs or disbursements.

Brett Roberts (hereinafter the plaintiff) was injured while skiing on a trail owned and operated by the defendant Ski Roundtop, Inc., etc. (hereinafter Ski Windham). The plaintiff, who had never skied before, fell after hitting a dirt patch on the trail and was struck by another skier. The plaintiff had been transported to Ski Windham by the defendant Pembrook Tours and Travel, Inc. (hereinafter Pembrook). Pembrook also provided ski equipment to the plaintiff. The plaintiffs commenced the instant action to recover damages for personal injuries.

Ski Windham moved for summary judgment contending that the plaintiff voluntarily chose to engage in the sport of skiing and that the conditions were open and obvious. The Supreme Court denied the motion. Pembrook also moved for summary judgment contending that, as a tour operator, it owed no duty to the plaintiff. The plaintiffs failed to oppose the motion and the Supreme Court granted summary judgment to Pembrook dismissing the complaint and all cross claims against it. Thereafter, the plaintiffs moved to vacate their default in opposing Pembrook's motion based on law office failure and the Supreme Court denied the motion. These appeals ensued.

We agree with the Supreme Court that there is a question of fact as to whether the plaintiff, an inexperienced skier, assumed the risk of injury (see, Turcotte v Fell, 68 NY2d 432, 440; Maddox v City of New York, 66 NY2d 270, 279; McKenney v Dominick, 190 AD2d 1021). The plaintiff alleged that he did not see the dirt patch which caused him to fall until he

was directly in front of it and had no time to stop or avoid it. An employee of Ski Windham stated that it was Ski Windham's practice to mark bare spots with bright orange poles if the spot could not be seen by a skier coming down the hill. Under these circumstances, the Supreme Court properly denied the motion of Ski Windham for summary judgment.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion to vacate their default in opposing Pembrook's motion for summary judgment since they failed to demonstrate a meritorious cause of action against it (see, CPLR 2005, 5015 [a] [1]; *Nine Bros. Constr. Co. v Gordon*, 201 AD2d 632; see also, *Cohen v Heritage Motor Tours*, 205 AD2d 105). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.