■ CHIAN BOEN, Respondent, v SKI PLATTEKILL, INC., Doing Business as SKI PLATTEKILL MOUNTAIN BIKING CENTER, Defendant, and MICHAEL CROES, an Infant, by His Mother and Natural Guardian, MARILYN CROES, Appellant. [723 NYS2d 392] —In an action to recover damages for personal injuries, the defendant Michael Croes appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 16, 1999, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

While mountain biking with the appellant, Michael Croes, the plaintiff was injured when his bicycle collided with the appellant's bicycle after the appellant's bicycle struck a rock and fell. The appellant moved for summary judgment on the ground that the plaintiff assumed the risk of injury when he engaged in the potentially dangerous sport of mountain biking.

A voluntary participant in a sport or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484; *see, Turcotte v Fell,* 68 NY2d 432; *cf., Convey v City of Rye School Dist.,* 271 AD2d 154, 157). A participant consents to the risk of those injury-causing events which are known, apparent, or reasonably foreseeable consequences of participation (*see, Turcotte v Fell, supra,* at 439). It is not necessary that the injured plaintiff foresee the exact manner in which his or her injury occurred, "so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66 NY2d 270, 278).

The appellant sustained his prima facie burden of proving entitlement to judgment as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562) by presenting evidence that the plaintiff understood the risks of mountain biking and, in particular, the risk that collisions

might occur. In opposition to the motion, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Accordingly, the appellant's motion should have been granted. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.