■ MICHELLE K. DAIGLE et al., Appellants, v WEST MOUNTAIN, Respondent. [734 NYS2d 715] —Lahtinen, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered

October 20, 2000 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

While plaintiff Michelle K. Daigle (hereinafter plaintiff) was "tubing" at defendant's tubing park, the tube that she was riding in went over the wall of the tubing lane causing her to be thrown off the tube, resulting in a right clavicular midshaft fracture and related injuries. Plaintiff and her husband, derivatively, commenced this action against defendant alleging negligent maintenance of the tubing park. After joinder of issue and discovery, defendant moved for summary judgment claiming that plaintiff's assumption of the inherent risks associated with the recreational activity of tubing precludes her recovery. Supreme Court granted defendant's motion prompting this appeal. We reverse.

It is beyond question that plaintiff assumed those risks which are known, apparent or reasonably foreseeable from her participation in this type of recreational activity (*see, Morgan v State of New York*, 90 NY2d 471, 484; *Rutnik v Colonie Ctr. Ct. Club*, 249 AD2d 873, 874, *lv denied* 92 NY2d 808). However, she did not assume any risks "that were unique and resulted in a dangerous condition over and above the usual dangers inherent in the activity" (*Rios v Town of Colonie*, 256 AD2d 900). Defendant's general manager testified at his deposition as follows:

"Q Could you describe what conditions would make the tubing park faster?

"A Rain and change of temperature.

"Q Rain and you say change of temperature, above or below 32 degrees Fahrenheit?

"A Correct.

"Q Which would make it faster? Above, below, or right about?

"A If it rains?

"Q Yes.

"A Temperature really doesn't make a difference. Most of the times if it rains the park is closed.

"Q Why would it be closed when it rains?

"A Because of that one problem. We could not control the speed of the tube.

"Q Do you guys have a rule if it's raining out, which it's kind of a rainy day today, that it's closed?

"A Yes. We do.

"Q Why is it closed?

"A Conditions make us close the park.

"Q What particular conditions are you talking about? Because of the speed?

"A Because it gets—

"Q Are you talking particularly about the speed?

"A Yes. Yes.

"Q Because it would be too fast?

"A It would be too fast."

Plaintiff testified at her deposition that it was raining lightly when she arrived at defendant's tubing park and the rain got heavier up to the time of her accident approximately two hours later. When these facts are viewed in the light most favorable to the nonmoving party (*see, Barber v Merchant*, 180 AD2d 984, 986; *James v Gloversville Enlarged School Dist.*, 155 AD2d 811, 812; *Bershaw v Altman*, 100 AD2d 642, 643), we conclude that a question of fact exists as to whether defendant's failure to follow its own policy by closing the tubing run when it rained constituted an "unassumed, concealed or unreasonably increased risk" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658; *see, Turcotte v Fell*, 68 NY2d 432, 439; *Rios v Town of Colonie, supra*, at 901).

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.