◼ GLORIA TREMBLAY, Appellant, v WEST EXPERIENCE INC., Doing Business as WEST MOUNTAIN SKI CENTER, et al., Respondents. [745 NYS2d 311] —Mercure, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 15, 2001 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries she sustained in a snow tubing accident that took place on January 26, 1998 at West Mountain Ski Center in the Town of Queensbury, Warren County. At the time, plaintiff and her former husband, who weighed approximately 200 pounds, had ridden down a 1,000-foot run with their tubes hooked together. When plaintiff tried to "unhook" at the bottom of the run, her foot caught on her former husband's coat, causing her tube to spin wildly and travel across the 300-foot wide "run-out" area into a packed snow retaining barrier. The force of the impact caused plaintiff to fracture both of her ankles. Her complaint asserts causes of action sounding in negligent design, construction, supervision and instruction. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff, as a matter of law, assumed the risks reasonably attendant to the sport of snow tubing, including the risk of striking the snow barrier at the end of the run. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

We affirm. It is well settled that a voluntary participant in a sport or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484; *see, Turcotte v*

*Fell*, 68 NY2d 432, 439; *Daigle v West Mtn.*, 289 AD2d 838, 839; *Boen v Ski Plattekill*, 282 AD2d 563). In her opposition to the summary judgment motion and now on appeal, plaintiff has placed far too much emphasis on her own subjective view of the risk of striking the barrier at the end of the run-out area, as well as the testimony of defendants' operations manager that he never anticipated that riders would reach the end of the run-out area.

The issue will not turn on such self-serving expressions of subjective belief. Rather, the risks assumed are those injury-causing events that are known, apparent or reasonably foreseeable consequences of participation (*see, Turcotte v Fell, supra* at 439; *Daigle v West Mtn., supra* at 839; *Boen v Ski Plattekill, supra* at 563) and it is not necessary that the injured plaintiff foresee the exact manner in which his or her injury occurred (*see, Maddox v City of New York*, 66 NY2d 270, 278). Based on plaintiff's awareness of the cold, icy conditions prevailing at the time of the accident, the fact that hooking up tubes had the effect of increasing the speed of descent, the length and pitch of the tube run relative to the size and pitch of the run-out area and the presence of a snow barrier obviously constructed for the purpose of preventing participants from traveling through the run-out area and into the parking lot, we conclude that the risk of impacting the snow barrier was a reasonably foreseeable consequence of plaintiff's participation in the sport and that she was aware or should have been aware of the danger posed by the snow barrier at the end of the run. The evidence adduced on the motion thus supports the legal conclusion that defendants satisfied their duty to make the conditions as safe as they appeared to be (*see, Ruepp v West Experience*, 272 AD2d 673, 674; *Dicruttalo v Blaise Enters.*, 211 AD2d 858, 859; *Giordano v Shanty Hollow Corp.*, 209 AD2d 760, *lv denied* 85 NY2d 802).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.