■ DAISY DE LACY, an Infant, by JUSTINE DE LACY, Her Parent and Guardian, et al., Respondents, v CATAMOUNT DEVELOPMENT CORPORATION, Appellant. [755 NYS2d 484] —Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 29, 2002 in Columbia County, which denied defendant's motion for summary judgment dismissing the complaint.

In February 1999, seven-year-old plaintiff Daisy de Lacy (hereinafter plaintiff) was seriously injured when she fell from a chairlift located at Catamount Ski Area (hereinafter the facility) in the Town of Hillsdale, Columbia County. Plaintiff's mother, individually and on behalf of plaintiff, commenced this negligence action against defendant, the owner and operator of the facility and, following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion, prompting this appeal.

We affirm. It is well settled that a ski area operator is

relieved from liability for risks inherent in the sport of downhill skiing, including risks associated with the use of a chairlift, when the participant is aware of, appreciates and voluntarily assumes those risks (*see Morgan v State of New York*, 90 NY2d 471, 484; *Tremblay v West Experience*, 296 AD2d 780, 780; *Morgan v Ski Roundtop*, 290 AD2d 618, 620; *Fabris v Town of Thompson*, 192 AD2d 1045, 1046; *see also* General Obligations Law § 18-101). Whether a participant is aware of and appreciates a particular risk must "be assessed against the background of the skill and experience" of the participant (*Maddox v City of New York*, 66 NY2d 270, 278; *see Morgan v State of New York, supra* at 486; *Hyland v State of New York*, 300 AD2d 794).

Here, defendant contends that plaintiff and a friend rode the chairlift together and raised the safety bar prematurely, allowing plaintiff to fall out of the chair. While the record reflects that plaintiff, the daughter of a self-described world-class skier, had been skiing for two seasons, had received ski instruction and had used the chairlift on prior occasions, it also reflects that plaintiff was a novice skier with limited skiing ability. The deposition testimony of the two children reveals discrepancies regarding the extent of their instruction regarding the use of chairlifts, as well as the exact location where they raised the safety bar in relation to the signs directing passengers to lift the bar near the end of the run. In addition, plaintiffs have proffered an expert opinion faulting the safety of the chairlift design for use by children. We agree with Supreme Court that there are outstanding questions of fact as to whether plaintiff, a seven-year-old novice skier, fully appreciated the risks associated with the use of the chairlift as required for a finding that she had assumed the risk of her injuries (*see Lapa v Camps Mogen Avraham, Heller, Sternberg*, 280 AD2d 858, 858-859; *Roberts v Ski Roundtop*, 212 AD2d 768, 768; *Basilone v Burch Hill Operations*, 199 AD2d 779, 780; *see also Trainer v Camp Hadar Hatorah*, 297 AD2d 731, 732; *Taylor v Massapequa Intl. Little League*, 261 AD2d 396, 397-398), as well as questions surrounding the accident itself, including whether defendant violated its own policies, and regarding the adequacy of defendant's chairlift design. Accordingly, summary judgment was properly denied.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.