■ KATELYN MAHER et al., Respondents, v WOOD HOLLOW EQUESTRIAN CENTER, LLC, et al., Appellants, et al., Defendant. [925 NYS2d 838]—

In an action to recover damages for personal injuries, etc., the defendants Wood Hollow Equestrian Center, LLC, and Polly Hall appeal from an order of the Supreme Court, Suffolk County (Cohen, J.), dated June 16, 2010, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff Katelyn Maher was allegedly injured when she was thrown by a pony she was riding during horseback riding lessons offered by the defendant Polly Hall at the defendant Wood Hollow Equestrian Center, LLC (hereinafter together the defendants). While being thrown is a danger inherent in the sport of horseback riding (see Turcotte v Fell, 68 NY2d 432, 437 [1986]; Eslin v County of Suffolk, 18 AD3d 698 [2005]; Kinara v Jamaica Bay Riding Academy, Inc., 11 AD3d 588 [2004]), the defendants here failed to meet their prima facie burden of showing that this particular plaintiff, an eight-year-old girl with limited riding experience at the time of the incident, appreciated the risks associated with this type of activity (see Bennett v

*City of New York*, 303 AD2d 614 [2003]; *de Lacy v Catamount Dev. Corp.*, 302 AD2d 735 [2003]; *Taylor v Massapequa Intl. Little League*, 261 AD2d 396 [1999]; *cf. Morrelli v Giordano*, 206 AD2d 464 [1994]; *Rubenstein v Woodstock Riding Club*, 208 AD2d 1160 [1994]; *Auwarter v Malverne Union Free School Dist.*, 274 AD2d 528 [2000]). Thus, the defendants were not entitled to summary judgment based on the theory of primary assumption of risk, regardless of the sufficiency of the plaintiffs' opposition papers.

In light of our determination, we need not reach the defendants' remaining contention. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.