*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 20, 2016                    522741
_____

ELIZABETH CONNOLLY,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

WILLARD MOUNTAIN, INC., et al.,
                    Respondents.
_____


Calendar Date:   September 15, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____


        Anderson, Moschetti & Taffany, PLLC, Latham (Ingrid Effman of counsel), for appellant.

        Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondents.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Melkonian, J.), entered December 21, 2015 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

        On February 20, 2013, plaintiff was snow tubing with her then 12-year-old son at Willard Mountain, a recreational facility owned and operated by defendants.  The tubing course was approximately 1,200 feet long, including a 400-foot "run-out" area partially covered with hay that was intended to slow the riders.  At the end of the run-out area, there was a net that separated the course from a drop off.  Between the hay covered area and the net was an approximately two-foot tall berm or mound of snow.  Plaintiff and her son were tubing in tandem, that is, they rode the course while holding onto the handles of each

other's tubes.  After riding in this manner a number of times, the two generated enough speed during a final run to ride through the run-out area, over the berm and into the net.  Plaintiff commenced this negligence action to recover for the injuries she sustained during this last run.  Following joinder of issue, defendants moved for summary judgment, arguing that plaintiff assumed the risks associated with snow tubing.  Supreme Court granted the motion and plaintiff now appeals.

It is settled that a person who voluntarily participates in a recreational activity such as snow tubing, "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Youmans v Maple Ski Ridge, Inc., 53 AD3d 957, 958, [2008]; Huneau v Maple Ski Ridge, Inc., 17 AD3d 848, 849 [2005]; Tremblay v West Experience, 296 AD2d 780, 780 [2002]; Daigle v West Mtn., 289 AD2d 838, 839 [2001]).  Such a person, however, will not assume the risks of reckless or intentional conduct, nor will a claim be barred where the "conditions caused by the defendants' negligence are unique and created a dangerous condition over and above the usual dangers that are inherent" in the activity (Morgan v State of New York, 90 NY2d at 485 [internal quotation marks and citation omitted]; see Youmans v Maple Ski Ridge, Inc., 53 AD3d at 958-959).  When determining whether the doctrine applies, we assess the participant's knowledge of the dangerous condition and consequent risk "against the background of [his or her] skill and experience" (Morgan v State of New York, 90 NY2d at 486; see Hope v Holiday Mtn. Corp., 123 AD3d 1274, 1275 [2014]).

Here, defendants submitted the deposition testimony of the owner and certain employees who were working at the tubing hill on the day of plaintiff's accident.  The owner testified that the net was installed to stop tubers who failed to slow and stop as expected in the run-out area.  Further, he testified that, although the hay was supposed to prevent tubers from hitting the net, he believed that it happened daily.  The supervisor at the tubing hill testified that, at the beginning of the day, two employees rode tubes down the hill to determine where the hay should be distributed based on where their tubes stopped.  The

attendant assigned to work at the base of the run testified that, throughout the day, she distributed hay across the run-out area to slow riders down and "fluffed" it as needed. The supervisor testified that once it appeared that the tubes were descending too quickly based on changing conditions, she directed that the tandem rides be limited to one adult and one child. There is no dispute that plaintiff had been snow tubing at Willard Mountain a number of times before February 20, 2014. Moreover, on that day, plaintiff and her son reached the berm on several earlier runs but continued to ride tandem. In our view, this evidence was sufficient to meet defendants' burden of demonstrating that plaintiff assumed the risk of hitting the net and that the risk was inherent in the activity (see Youmans v Maple Ski Ridge, Inc., 53 AD3d at 959; Tremblay v West Experience, 296 AD2d at 781).

Upon such a showing, it was plaintiff's burden to demonstrate "facts from which it could be concluded that defendant . . . unreasonably enhanced the danger . . . or created conditions which were unique or above those inherent in [the] activity (Youmans v Maple Ski Ridge, Inc., 53 AD3d at 959; see Hope v Holiday Mtn. Corp., 123 AD3d at 1275-1276; Daigle v West Mtn., 289 AD2d at 839-840). A supervisor for defendants testified that on busy days, two people were assigned to work at the base of the tubing hill to spread and "fluff" the hay as needed based on conditions. At the time of the accident, however, there was only one attendant working in this area. Further, the supervisor decided to limit the tandem riders to a parent and a child based on conditions and confirmed that weight affected the speed of the tubes, i.e., the greater the weight, the greater the speed. Plaintiff testified that just before the accident, the attendant at the top of the tubing hill assured her that it was safe for her to ride in tandem with her adult-sized son, who was nearly six feet tall and weighed approximately 250 pounds. Plaintiff's son testified that "there wasn't a whole lot of hay" spread at the bottom of the course. A nonparty witness testified that the tubing park was very busy and that, before the accident, he observed that the hay had diminished to the point where tubers were dragging their feet to stop their tubes. Notably, defendant's base attendant testified that once the tandem riders were limited to one adult and one child, no other

groups went past the hay, while plaintiff and her son "blew through everything."  She recalled being surprised to see two adult-sized people coming down in tandem because "it was supposed to be an adult and a child."

When we consider this evidence in the light most favorable to plaintiff, as we must (see Huneau v Maple Ski Ridge, Inc., 17 AD3d at 849; Daigle v West Mtn., 289 AD2d at 840), we find that summary judgment was not appropriate.  In our view, whether the base attendant adequately maintained the hay in the run-out area and whether it was appropriate under the circumstances to allow plaintiff to ride tandem with her son present factual questions with regard to whether defendants unreasonably increased the risk that plaintiff would be injured (see Hope v Holiday Mtn. Corp.,123 AD3d at 1277; Huneau v Maple Ski Ridge, Inc., 17 AD3d at 849; Daigle v West Mtn., 289 AD2d at 840).

Peters, P.J., Egan Jr., Rose and Aarons, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and motion denied.


ENTER:

Robert D. Mayberger
Clerk of the Court