Tauro v Gait (2018 NY Slip Op 00952)





Tauro v Gait


2018 NY Slip Op 00952


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1528 CA 17-01161

[*1]ADDY V. TAURO, PLAINTIFF-RESPONDENT, 
v
GARY GAIT AND SYRACUSE UNIVERSITY, DEFENDANTS-APPELLANTS. 






BARCLAY DAMON, LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
JAMES B. FLECKENSTEIN, SYRACUSE, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 17, 2017. The order denied defendants' motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she was struck in the head with a lacrosse ball thrown by defendant Gary Gait during a drill at a practice of the varsity women's lacrosse team at defendant Syracuse University. Plaintiff alleged in the complaint that Gait was the head coach of the lacrosse team, and that her injuries were caused solely by the "negligence and reckless conduct" of defendants.
Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the grounds that a waiver signed by plaintiff constituted documentary evidence establishing a complete defense to the allegations in the complaint, and that the complaint failed to state a cause of action because plaintiff assumed the risk of injury. In the waiver, plaintiff stated, inter alia, that she was "fully aware . . . that . . . participation [in lacrosse] involves risk of injury . . . These risks can come from causes which are many and varied . . . and may include negligent acts or omissions of others." She further acknowledged in the waiver that she "accept[ed], and assume[d] all such risks, whether or not presently foreseeable and whether or not caused by the negligent acts or omissions of others, and elect[ed] voluntarily to participate in intercollegiate athletics at Syracuse University." In opposition to the motion, plaintiff submitted an affidavit in which she stated that she was injured during a ground ball post drill, during which Gait and other coaches rolled lacrosse balls along the ground and the players were expected to pick up the balls from the ground and pass them back to the coaches. Plaintiff further stated that, "[f]or no reason, without warning, in a manner never utilized before in any [prior] practices, defendant Gait overhanded a hard pass toward [her] head. Since [she] was expecting a ground ball, [she] was totally unprepared to receive a hard pass through the air . . . [Gait's] actions were totally inconsistent with the drill and as such, throwing the ball toward [her] head was grossly negligent and extremely reckless." Defendants appeal from an order denying the motion, and we affirm.
" In determining a CPLR 3211 motion, . . . the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one . . . The court may also consider affidavits and other evidentiary material to establish conclusively that plaintiff has no cause of action . . . Any facts in the complaint and submissions in opposition to the motion to dismiss are accepted as true' " (Gerrish v State Univ. of N.Y. at Buffalo, 129 AD3d 1611, 1612 [4th Dept 2015]). Here, plaintiff's complaint and affidavit include allegations that the actions of defendants were grossly negligent and extremely reckless. Contrary to defendants' contention, the written waiver does not bar plaintiff's action inasmuch as a waiver is not enforceable with respect to allegations of grossly negligent conduct (see Gross v Sweet, 49 NY2d 102, 106 [*2][1979]).
With respect to defendants' contention that plaintiff's action is barred by the doctrine of assumption of the risk, it is well settled that a person who voluntarily participates in a recreational activity such as lacrosse "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]). "Such a person, however, will not assume the risks of reckless or intentional conduct, nor will a claim be barred where the conditions caused by the defendants' negligence are unique and created a dangerous condition over and above the usual dangers that are inherent' in the activity" (Connolly v Willard Mtn., Inc., 143 AD3d 1148, 1148 [3d Dept 2016]). Thus, accepting the allegations in the complaint and plaintiff's affidavit that defendants' conduct was reckless as true, and according plaintiff "the benefit of every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87 [1994]), we conclude that plaintiff's action, at this stage, is not barred by the doctrine of assumption of the risk (see generally Connolly, 143 AD3d at 1148).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court