Jamjyan v West Mtn. Ski Club, Inc. (2019 NY Slip Op 01061)





Jamjyan v West Mtn. Ski Club, Inc.


2019 NY Slip Op 01061


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-01701
 (Index No. 21602/11)

[*1]Lyudmila Jamjyan, respondent, 
v
West Mountain Ski Club, Inc., et al., appellants.


Roemer Wallens Gold & Mineaux LLP, Albany, NY (Matthew J. Kelly of counsel), for appellants.
Simon, Eisenberg & Baum, LLP, New York, NY (Sagar Shah of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 16, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was injured at a snow tubing park. She commenced this personal injury action against the defendants, the owners and operators of the tubing park, alleging that a tubing park attendant caused the accident by prematurely unhooking the tow rope from the snow tube the plaintiff was sitting in while being towed to the top of the hill. The defendants moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of assumption of risk. The Supreme Court denied the motion, and the defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was aware of a risk of injury while snow tubing. The doctrine of assumption of risk dictates that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York , 90 NY2d 471, 484). The assumption of risk doctrine applies to any facet of the activity inherent in it and to any open and obvious condition of the place where it is carried on (see Maddox v City of New York , 66 NY2d 270, 277).
However, assumption of risk is not an absolute defense, but a measure of a defendant's duty of care (see CPLR 1411; Morgan v State of New York , 90 NY2d at 485). Here, in opposition to the defendants' prima facie showing, the plaintiff raised a triable issue of fact as to whether the allegedly unexpected action of the tubing park attendant, in prematurely unhooking the plaintiff's snow tube from the tow line, created a dangerous condition over and above the usual dangers that are inherent in the sport of snow tubing (see Morgan v State of New York , 90 NY2d at 485). Triable issues of fact existed as to whether the actions of the tubing park attendant violated the defendants' own safety procedures (see de Lacy v Catamount Dev. Corp. , 302 AD2d 735, 736; [*2]Roberts v Ski Roundtop , 212 AD2d 768, 768-769). Moreover, the opinion of the plaintiff's expert raised a triable issue of fact as to whether the design of the tubing park contributed to the dangerous condition allegedly created by the actions of the tubing park attendant (see Owen v R.J.S. Safety Equip. , 79 NY2d 967, 969-970).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court