Waite v County of Clinton, N.Y. (2023 NY Slip Op 01831)

Waite v County of Clinton, N.Y.

2023 NY Slip Op 01831

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

535973
[*1]Cody C. Waite, Appellant,
v
County of Clinton, New York, et al., Respondents.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Harding Mazzotti, LLP, Albany (Peter Balouskas of counsel), for appellant.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondents.

Pritzker, J.
Appeal from an order of the Supreme Court (Timothy J. Lawliss, J.), entered April 27, 2022 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint.
In July 2019, plaintiff was attending the demolition derby held on the track at the Clinton County Fair. The demolition derby includes multiple heats occurring throughout the day and during each heat several vehicles are lined up on the track. The drivers proceed to deliberately and repeatedly crash into each other until only one vehicle remains. The inner part of the track is known as the pit, and spectators can purchase special passes that allow them access to this area to observe the carnage. Plaintiff purchased a ticket for the pit and was thereby required to sign a "Release and Waiver of Liability and Indemnity Agreement" (hereinafter the waiver form), and he observed several heats. During the final heat of the day, a vehicle pushed through a perimeter of concrete barriers and entered the spectator area in the pit. Plaintiff was pushed backwards by the vehicle and his ankle became caught between the vehicle and nearby bleachers, which resulted in significant injuries that required surgery.
Following service of a notice of claim upon defendants and a subsequent examination of plaintiff pursuant to General Municipal Law § 50-h, plaintiff commenced this action against defendants alleging that he sustained serious injuries at the demolition derby due to defendants' negligent placement of the concrete barriers around the perimeter of the track, which failed to prevent vehicles from injuring spectators. Defendants answered and raised several affirmative defenses, including that the action was barred because plaintiff had assumed the risk of injury. Defendants then moved for summary judgment dismissing the complaint asserting that plaintiff "expressly assumed th[e] risk [of injury]." Plaintiff opposed this motion on the ground that he had not assumed the risk of injury and submitted an expert affidavit to support this point. In reply, defendants argued, among other things, that plaintiff's expert lacked the necessary qualifications to render his opinions. Supreme Court granted defendants' motion for summary judgment, finding that plaintiff had understood the risks of observing the demolition derby or that such risks should have been obvious. Plaintiff appeals.
Plaintiff contends that there was insufficient evidence to find, as a matter of law, that he was aware of, and appreciated, the enhanced risk posed by defendants' design and configuration of the barrier perimeter wall.[FN1] Therefore, according to plaintiff, there was no proper basis for Supreme Court to have granted summary judgment pursuant to the doctrine of primary assumption of risk. The assumption of risk doctrine provides that, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally [*2]and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]; accord Grady v Chenango Val. Cent. Sch. Dist., 190 AD3d 1218, 1226 [3d Dept 2021]). This extends to "consenting spectators and bystanders . . . , even at times when they are not actively watching the event" (Smero v City of Saratoga Springs, 160 AD3d 1169, 1170 [3d Dept 2018] [internal quotation marks, brackets and citation omitted]). "Participants, of course, are not deemed to have assumed risks which are the result of reckless or intentional conduct, or risks concealed or unreasonably increased, i.e., a result of conditions created by the defendant which are 'unique and created a dangerous condition over and above the usual dangers that are inherent in the sport' " (Youmans v Maple Ski Ridge, Inc., 53 AD3d 957, 958-959 [3d Dept 2008] [internal quotation marks and citation omitted], quoting Owen v R.J.S. Safety Equip., 79 NY2d 967, 970 [1992]). "Awareness of the risk of engaging in a particular activity is to be assessed against the background of the skill and experience of the particular plaintiff, and application of the doctrine generally presents a question of fact for a jury to resolve" (Thompson v Windham Mtn. Partners, LLC, 161 AD3d 1366, 1366 [3d Dept 2018] [internal quotation marks and citations omitted]).
In support of their motion, defendants submitted, among other things, the waiver form signed by plaintiff, plaintiff's deposition testimony and the transcript from his General Municipal Law § 50-h hearing, as well as deposition transcripts of Vernon Bruno, the Clinton County Fair Director, and Curtis Seymour, who was a chief starter, head flagman and manager for the demolition derby. These submissions demonstrated that plaintiff had attended demolition derbies since he was a child and that he had witnessed participants get injured, but never spectators. Plaintiff recalled signing the waiver form, which warns those observing from the pit that the demolition derby "could be dangerous and involve[s] the risk of serious injury and/or death." Plaintiff observed multiple vehicles approach the concrete barriers in front of him and even witnessed a barrier in front of him get moved and pushed out of place by one of the participating vehicles. Plaintiff also testified that the barrier that was moved was not interlocked with the surrounding barriers. Defendants' submissions also established that there were warning signs posted near the pit indicating that spectators could be injured if they were in a certain area and not paying attention. Given this evidence, we find that defendants established their prima facie entitlement to judgment as a matter of law in that plaintiff, being warned and aware of the risks associated with observing the demolition derby from the pit, assumed the risk of his injuries (see Sara W. v Rocking Horse Ranch Corp., 169 AD3d 1342, 1343-1344 [3d Dept 2019]; Youmans v Maple Ski Ridge, Inc., 53 AD3d at 959).
The issue now distills to [*3]whether plaintiff's submissions "demonstrate[d] facts from which it could be concluded that defendant unreasonably enhanced the danger or created conditions which were unique or above those inherent in the activity" (Connolly v Willard Mtn., Inc., 143 AD3d 1148, 1149 [3d Dept 2016] [internal quotation marks, ellipses, brackets and citations omitted]; see Sara W. v Rocking Horse Ranch Corp., 169 AD3d at 1344). To that end, in his opposition to the motion, plaintiff submitted an affidavit averring that he was not warned that there was a risk that participating vehicles could break through the barricade and strike spectators. Plaintiff also proffered the expert affidavit of Russell E. Darnell, a licensed engineering contractor and certified National Institute of Automotive Service Excellence master technician who holds several racing licenses.[FN2] Darnell reviewed, among other things, the deposition transcripts of plaintiff, Bruno and Seymour, photographs of the track and arena as well as a video of the incident. In his affidavit, Darnell noted a gap between the barriers in front of where plaintiff was spectating and explained that "the absence of interconnecting braces" between the barriers "was a unique and weak[ ] configuration." Darnell opined, among other things, that these barriers "were not up to the standard of the industry and are not generally accepted within the demolition derby community which requires sturdy, immovable barricades in a protective ring." Darnell attributed the dangerous condition which led to plaintiff's injuries to "[t]he fact that some of the barricades, at random, were free-standing [which] made the entire barricade system weak and susceptible to being pushed and moved by vehicles." Darnell also pointed out that defendants, despite their knowledge that the barricades were not secured together and could be easily moved by participant vehicles, did nothing to secure the barricades to prevent vehicles from entering the spectator area. "When we consider this evidence in the light most favorable to plaintiff, as we must, we find that summary judgment was not appropriate" (Connolly v Willard Mtn., Inc., 143 AD3d at 1150 [internal citations omitted]). In our view, plaintiff raised an issue of fact as to whether the barrier design and configuration set up by defendants unreasonably increased the risk that plaintiff would be injured (see Owen v R.J.S. Safety Equip., 79 NY2d at 970; Sara W. v Rocking Horse Ranch Corp., 169 AD3d at 1344; Connolly v Willard Mtn., Inc., 143 AD3d at 1150). Thus, Supreme Court erred in granting defendants' motion for summary judgment.
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.

Footnotes

Footnote 1: To the extent plaintiff argues that his execution of the waiver form was ineffective in operating as an express assumption of risk, such issue is not before this Court as it was not decided adversely to plaintiff and thus he is not aggrieved by Supreme Court's determination in this regard (see generally CPLR 5511; Porco v Lifetime Entertainment Servs., LLC, 176 AD3d 1274, 1275-1276 [3d Dept 2019]).

Footnote 2: Defendants, in their reply to the expert affidavit, called into question Darnell's qualifications; however, "these purported shortcomings go to the weight, and not the admissibility, of the opinion evidence" (LaScala v QVC, 201 AD3d 798, 801 [2d Dept 2022]).