H.B. v Town of Oyster Bay (2025 NY Slip Op 01203)

H.B. v Town of Oyster Bay

2025 NY Slip Op 01203

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-09887
 (Index No. 607178/20)

[*1]H. B., etc., et al., appellants, 
v
Town of Oyster Bay, et al., respondents.

Gruenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellants.
Cascone & Kluepfel, LLP, Farmingdale, NY (Howard B. Altman and Kyle R. Silverstein of counsel), for respondents Town of Oyster Bay and Robert Marlow.
Chesney, Nicholas & Brower, LLP, Syosset, NY (Michael Jenks and Lindsie B. Alterkun of counsel), for respondent HPP Rinx, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered October 4, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant HPP Rinx, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the cross-motion of the defendants Town of Oyster Bay and Robert Marlow which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross-motion of the defendants Town of Oyster Bay and Robert Marlow which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants Town of Oyster Bay and Robert Marlow, and one bill of costs to the defendant HPP Rinx, Inc., payable by the plaintiffs.
In May 2019, the infant plaintiff, then four years of age, allegedly was injured while participating in a youth ice hockey clinic at the Town of Oyster Bay Ice Skating Center when a coach, the defendant Robert Marlow, fell on top of the infant plaintiff while Marlow was skating backwards on the ice. The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action against the defendant HPP Rinx, Inc. (hereinafter HPP), and the defendants Town of Oyster Bay and Marlow (hereinafter together the Town defendants), inter alia, to recover damages for personal injuries. At the time of the accident, Marlow was employed by the Town, and HPP, an independent contractor, had a concessionaire contract with the Town to use the subject ice rink and to operate certain programs at the ice rink.
Subsequently, HPP moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Town defendants cross-moved, among other things, for [*2]summary judgment dismissing the complaint insofar as asserted against them. By order entered October 4, 2023, the Supreme Court, inter alia, granted that branch of HPP's motion and that branch of the Town defendants' cross-motion. The plaintiffs appeal.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, HPP demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by presenting evidence that the plaintiffs were not parties to the contract between it and the Town (see Walsh v Steel O-III, LLC, 230 AD3d 536; Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d 854, 855-856). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether HPP launched a force or instrument of harm (see Walsh v Steel O-III, LLC, 230 AD3d at 536). Therefore, the Supreme Court properly granted that branch of HPP's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
However, contrary to the Supreme Court's determination, the Town defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them based upon the doctrine of assumption of risk. The "doctrine applies where a consenting participant in sporting and amusement activities 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (Bukowski v Clarkson Univ., 19 NY3d 353, 356, quoting Morgan v State of New York, 90 NY2d 471, 484). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (id. [internal quotation marks omitted]). Risks that are "commonly encountered" or "inherent" in a sport, as well as risks "involving less than optimal conditions," are risks tha participants have accepted and are encompassed by the assumption of risk doctrine (id. [internal quotation marks omitted]; see Bryant v Town of Brookhaven, 135 AD3d 801, 802). "It is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Siegel v Albertus Magnus High Sch., 153 AD3d 572, 574 [internal quotation marks omitted]). Awareness of risk is to be assessed against the background of the skill and experience of the particular plaintiff (see Morgan v State of New York, 90 NY2d at 486).
Given the evidence submitted in support of the Town defendants' cross-motion, including the infant plaintiff's age and scant information concerning the infant plaintiff's skill and experience level with ice hockey, there were triable issues of fact as to whether the infant plaintiff fully appreciated the risks involved in terms of the activity he was engaged in so as to find he assumed the risk of his injuries under the facts of this case (see Zhou v Tuxedo Ridge, LLC., 180 AD3d 960; Maher v Wood Hollow Equestrian Ctr., LLC, 85 AD3d 876; de Lacy v Catamount Dev. Corp., 302 AD2d 735, 736; see also M.R. v Nastics Next Generation, Inc., 208 AD3d 1374).
To the extent that the Town defendants contend that they were entitled to judgment as a matter of law dismissing the complaint insofar as asserted against them based on the application of express assumption of risk, this contention, which is based on the broad release set forth in the registration form signed by the infant plaintiff's mother for the infant plaintiff to participate in the hockey clinic, is without merit (see Santangello v City of New York, 66 AD2d 880; see also Alexander v Kendall Cent. School Dist., 221 AD2d 898). Therefore, the Supreme Court should have denied that branch of the Town defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Town defendants' remaining contention is improperly raised for the first time on appeal, and does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention (see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court