■ John T. Rogowicki et al., Individually and as Parents and Natural Guardians of John Rogowicki, an Infant, Respondents, v Troser Management, Inc., et al., Appellants. [623 NYS2d 47] —Order unanimously affirmed without costs. Memorandum: On March 22, 1986, 16-year-old John Rogowicki was injured while skiing on the Southern Cross Trail at Bristol Mountain Ski Resort. His parents commenced this action alleging that defendants were negligent in the design, construction and maintenance of the trail. After discovery was conducted, defendants moved for summary judgment dismissing the complaint. Supreme Court denied their motion.

Defendants failed to meet their burden of establishing, as a matter of law, that John Rogowicki expressly assumed the risk of his injury by virtue of the disclaimer language printed on the back of the lift ticket and the ski school lesson coupon book *(see, Arbegast v Board of Educ.,* 65 NY2d 161, 169-171). Defendants failed to demonstrate as a matter of law the inapplicability of General Obligations Law § 5-326, which renders unenforceable any such agreement to exempt from liability the owner or operator of a place of recreation who receives a fee for the use of its facilities *(see, Blanc v Windham Mtn. Club,* 115 Misc 2d 404, *affd* 92 AD2d 529; *see also, Owen v R.J.S. Safety Equip.,* 79 NY2d 967; *Brancati v Bar-U-Farm, Inc.,* 183 AD2d 1027, 1029-1030).

Defendants also failed to meet their initial burden of demonstrating, as a matter of law, that John Rogowicki, by voluntarily participating in the sport of skiing, assumed the risks inherent in the sport, including those that caused his injury. On the record before us, we are unable to ascertain how the accident occurred or its cause. John Rogowicki testified at his deposition that he had no recollection of how the accident occurred and defendants submitted no proof on that issue. Therefore, we conclude that defendants failed to identify the alleged injury-causing defect of which John Rogowicki had knowledge and voluntarily assumed. Because defendants

failed to meet their initial burden on their motion for summary judgment, the burden of proof never shifted to plaintiffs *(see, Ayotte v Gervasio,* 81 NY2d 1062, 1063; *Pizzuto v Poss,* 198 AD2d 910). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.