■ Jerome Leftow et al., Appellants, v Kutsher's Country Club Corp., Doing Business as Kutsher's Country Club, Respondent. [705 NYS2d 380] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated March 16, 1999, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiffs purchased a homeowners' membership in the defendant country club which entitled them to use certain recreational facilities operated by the defendant, including tennis courts. The plaintiff Jerome Leftow was injured while using

one of these courts. The defendant moved for summary judgment dismissing the complaint based upon the "hold harmless" clause contained in the homeowners' membership agreement. The Supreme Court granted the motion. We reverse.

The "hold harmless" clause under review is invalid pursuant to General Obligations Law § 5-326. That statute protects consumers from the effect of form releases printed on membership applications and similar documents when such releases are offered in connection with the use of a "place of amusement or recreation" for which a fee is paid (General Obligations Law § 5-326; *see, Rogowicki v Troser Mgt.,* 212 AD2d 1035; *Blanc v Windham Mtn. Club,* 115 Misc 2d 404, *affd* 92 AD2d 529). The terms of the statute apply to Leftow, who paid a fee which entitled him to various privileges including the use of the tennis court, a place of recreation.

Moreover, issues of fact exist with respect to the defense of assumption of the risk. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.