■ BETH M. GARNETT, Respondent, v STRIKE HOLDINGS LLC et al., Appellants, et al., Defendant. [882 NYS2d 115]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 4, 2008, which denied the Strike defendants' motion to dismiss the action as against them, unanimously affirmed, without costs.

Plaintiff's allegations sufficiently state causes of action for negligence, negligent and defective design, strict products liability, failure to warn, and breach of warranty. Accepting the facts alleged in the amended complaint as true and according plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the allegations that the Strike defendants leased and rented the go-karts are consistent with the inference that they placed those vehicles into the distributive chain, sufficiently stating products liability claims against them. Accordingly, their motion to dismiss those causes of action was properly denied (*see Winckel v Atlantic Rentals & Sales*, 159 AD2d 124 [1990]).

As it is undisputed that plaintiff paid the Strike defendants a fee to use the go-kart at the recreational facility owned or operated by them, we also find the express assumption of risk, waiver, indemnity and agreement not to sue, which they required of drivers, to be "void as against public policy and wholly unenforceable" against plaintiff by reason of General Obligations Law § 5-326 (*see Tuttle v TRC Enters., Inc.*, 38 AD3d 992, 993 [2007]). Therefore, the purported waiver provides neither a defense based on "documentary evidence" (CPLR 3211 [a] [1]) nor grounds for dismissal as a form of release (CPLR 3211 [a] [5]; *see Leftow v Kutsher's Country Club Corp.*, 270 AD2d 233 [2000]). Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.