■ In the Matter of TIMOTHY WINSTON et al., Respondents, v ELLEN SHARFSTEIN et al., Appellants. [884 NYS2d 879]—

In a proceeding commenced pursuant to CPLR article 4, inter alia, for a judgment declaring null and void certain agreements the Riverwoods Community Association, Inc., required its members to execute as a condition for the use of an indoor swimming pool, Ellen Sharfstein, Suzanne Rosenzweig, Linda Stein, John Erbacher, Jeff Leavitt, Nina Goldman, Linda Hordiner, Andrew Lebolt, and Joseph Vessecchia, individually, as managers of Riverwoods Phases One, Two, Three, and Four, and as directors and officers of the Riverwoods Community Association, Inc., appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 9, 2008, which, among other things, in effect, declared the agreements to be null and void, enjoined the Riverwoods Communty Association, Inc., from requiring its members to execute such agreements as a condition for the use of the pool in the future, and awarded the petitioners costs and disbursements in the sum of $1,060.

Ordered that the proceeding is converted into an action for declaratory and injunctive relief, the notice of petition is deemed to be the summons, and the petition is deemed to be the complaint (see CPLR 103 [c]); and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof, in effect, declaring null and void the agreement the Riverwoods Community Association, Inc., required its members to execute in the fall of 2007 as a condition for the use of the pool and substituting therefor a provision declaring that agreement to be valid, (2) by deleting the provision thereof enjoining the Riverwoods Community Association, Inc., from requiring its members to execute the fall 2007 agreement as a condition for the use of the pool in the future, and (3) by deleting the provision thereof awarding costs and disbursements to the plaintiffs in the sum of $1,060; as so modified, the judgment is affirmed, without costs or disbursements.

In 1998, May 2007, and the fall of 2007, the Riverwoods Community Association, Inc. (hereinafter RCA), required its members to execute certain agreements as a condition for the

use of an indoor pool operated by RCA. The Supreme Court properly declared the 1998 and May 2007 agreements to be null and void. Since RCA received a "fee or other compensation" from its members for their use of the pool, and because those agreements effectively bar claims against RCA based on its own negligence in connection with the pool, those agreements fall within the scope of General Obligations Law § 5-326, and are "void as against public policy and wholly unenforceable" (General Obligations Law § 5-326; *cf. Leftow v Kutsher's Country Club Corp.*, 270 AD2d 233, 233-234 [2000]).

In contrast, the agreement RCA required its members to execute in the fall of 2007 as a condition for use of the pool is not a waiver or release and does not have the effect of "exempt[ing] [RCA] from liability for damages caused by or resulting from [RCA's own] negligence" in connection with the pool (General Obligations Law § 5-326). Therefore, unlike the prior two agreements, that agreement does not implicate General Obligations Law § 5-326. Accordingly, the Supreme Court erred in declaring that agreement null and void, and in enjoining RCA from requiring its members to execute it as a condition for the use of the pool in the future.

Finally, the plaintiffs failed to demonstrate a basis for an award of costs and disbursements.

The defendants' remaining contentions are without merit. Skelos, J.P., Dillon, Covello and Belen, JJ., concur.