Haggerty v Northern Dutchess Hosp. (2021 NY Slip Op 06162)





Haggerty v Northern Dutchess Hosp.


2021 NY Slip Op 06162


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-12729
 (Index No. 2622/15)

[*1]Michael Haggerty, appellant, 
v
Northern Dutchess Hospital, respondent.


Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated August 31, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff seeks to recover damages for injuries he allegedly sustained when he fell while performing a balancing exercise, upon the instruction of one of the defendant's employees while at the defendant's fitness and rehabilitation facility. The defendant moved for summary judgment dismissing the complaint, arguing that (1) the assumption of risk doctrine applied to bar liability because the plaintiff was a consenting participant in the activity which caused his injury, he had an appreciation of the nature of the risks involved in the activity, and he voluntarily assumed the risks, and (2) the plaintiff's claims are barred by a release he executed with the defendant's facility. The plaintiff opposed the motion. In an order dated August 31, 2018, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"The assumption of risk doctrine applies where a consenting participant in sporting
and amusement activities 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (Bukowski v Clarkson Univ., 19 NY3d 353, 356, quoting Morgan v State of New York, 90 NY2d 471, 484). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (Bukowski v Clarkson Univ., 19 NY3d at 356 [internal quotation marks omitted]; see Falcaro v American Skating Ctrs., LLC, 167 AD3d 721, 722; Lee v Brooklyn Boulders, LLC, 156 AD3d 689, 690). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Calderone v College, 177 AD3d 692, 693). "Risks which are 'commonly encountered' or 'inherent' in a sport, as well as risks 'involving less than optimal conditions,' are risks which participants have accepted and are encompassed by the assumption of risk doctrine" (Ramos v Michael Epstein Sports Prods., Inc., 173 AD3d 1079, 1080-1081, quoting Bukowski v Clarkson Univ., 19 NY3d at 356). "However, participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks" (Mussara v Mega Funworks, Inc., 100 AD3d 185, 192).
The defendant failed to establish, prima facie, that the plaintiff assumed the risk of injury when he unsuccessfully attempted the balancing exercise. The deposition testimony relied upon by the defendant raises questions of fact as to whether the trainer exposed the plaintiff to an unassumed risk. Specifically, the trainer allegedly encouraged the plaintiff to attempt the exercise after he expressed that he could not perform it, by allegedly offering verbal reassurances such as "I'm right here," which the plaintiff mistakenly believed meant that the trainer would catch him or stabilize him if he began to fall (see Irish v Deep Hollow, 251 AD2d 293, 293-294; see also Levy v Town Sports Intl., Inc., 101 AD3d 519, 519; Myers v Friends of Shenendehowa Crew, Inc., 31 AD3d 853, 854-855).
The defendant also failed to establish, prima facie, that the plaintiff's claims are barred by the release the plaintiff executed. The defendant failed to demonstrate the inapplicability of General Obligations Law § 5-326, which would render the release void, as the defendant's evidence did not establish as a matter of law that its facility was not a "gymnasium" within the meaning of that statute (id.; see Gross v Sweet, 49 NY2d 102, 107; Matter of Winston v Sharfstein, 65 AD3d 1053, 1053-1054; Roer v 150 W. End Ave. Owners Corp., 30 Misc 3d 1211[A], 2010 NY Slip Op 52343[U] [Sup Ct, NY County]).
In light of the defendant's failure to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court