Balgley v City of New York (2023 NY Slip Op 03672)

Balgley v City of New York

2023 NY Slip Op 03672

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-03152
 (Index No. 724386/20)

[*1]Warren Balgley, appellant, 
v
City of New York, et al., respondents.

Joseph N. DiGrazia, Brooklyn, NY (Louis R. Lombardi of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Andrea Nishi of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 23, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 9, 2013, the plaintiff allegedly was injured when he tripped and fell due to a hole on an outdoor basketball court located within Yellowstone Municipal Park in Queens. In July 2014, the plaintiff commenced this action to recover damages for personal injuries. After discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
"Under the doctrine of primary assumption of risk, 'by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642, quoting Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672). "The primary assumption of risk doctrine also encompasses risks involving less than optimal conditions" (Bukowski v Clarkson Univ., 19 NY3d 353, 356; see Sykes v County of Erie, 94 NY2d 912, 913).
Here, the defendants established, prima facie, that the plaintiff assumed the risk of injury from stepping into a hole by voluntarily choosing to play basketball on an outdoor basketball court surface with faulty conditions which were open and obvious (see Sykes v County of Erie, 94 NY2d at 913; Cruz v City of New York, 197 AD3d 555, 556; Casey v Garden City Park-New Hyde Park School Dist., 40 AD3d 901, 902). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court