Mazze v Manhattanville Coll. (2024 NY Slip Op 02046)

Mazze v Manhattanville Coll.

2024 NY Slip Op 02046

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-01710
 (Index No. 52635/19)

[*1]Richard G. Mazze, respondent, 
v
Manhattanville College, et al., appellants, et al., defendants.

Black Marjieh & Sanford LLP, Elmsford, NY (Sheryl A. Sanford of counsel), for appellants.
Steven M. Goldfarb (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Manhattanville College, Manhattanville College Athletic Department, and Manhattanville College Men's Varsity Soccer appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated February 15, 2022. The order denied those defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff, a member of the varsity soccer team at the defendant Manhattanville College, allegedly sustained an injury to his back as he was performing a squat exercise during a weight training session. The plaintiff commenced this personal injury action against, among others, Manhattanville College and the defendants Manhattanville College Athletic Department and Manhattanville College Men's Varsity Soccer (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them on the ground, inter alia, that the action was barred by the doctrine of assumption of risk. The Supreme Court denied the motion, and the defendants appeal.
The Supreme Court properly denied the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them. "Under the doctrine of primary assumption of risk, 'by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Balgley v City of New York, 218 AD3d 427, 427, quoting Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642). "Participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of participation, but not to unassumed, concealed, or unreasonably increased risks" (Charles v Uniondale School Dist. Bd. of Educ., 91 AD3d 805, 805). "Although the doctrine of primary assumption of risk is applicable to a player who is injured while participating in a practice session, the doctrine applies only when the injury-producing risk is inherent in the sport the player is practicing" (Annitto v Smithtown Cent. Sch. Dist., 210 AD3d 615, 618).
Here, the defendants failed to establish, prima facie, that the plaintiff, by joining the soccer team, assumed the risk of a weightlifting injury or that such an injury is inherent in the sport of soccer (see id.). Moreover, the defendants failed to eliminate all triable issues of fact as to whether the defendants unreasonably increased the risk by failing to provide proper supervision and instruction (see id. at 619-620; Haggerty v Northern Dutchess Hosp., 199 AD3d 783, 784) and whether the defendants compelled the plaintiff to perform the squat exercise despite his expressed concerns when an assistant coach allegedly told the plaintiff that he would be removed from the soccer team if he did not perform the squat exercise (see Benitez v New York City Bd. of Educ., 73 NY2d 650, 658; Smith v J.H. West Elementary School, 52 AD3d 684, 685).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court