Herrera v Town of Kent (2025 NY Slip Op 04637)

Herrera v Town of Kent

2025 NY Slip Op 04637

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-02074
2024-02075
 (Index No. 500414/22)

[*1]Daniel Herrera, appellant, 
v
Town of Kent, etc., et al., respondents, et al., defendant.

Rosenberg, Minc, Falkoff & Wolff, LLP, New York, NY (Jesse M. Minc and Daniel Minc of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Sarah N. Wilson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated February 21, 2024, and (2) a judgment of the same court dated February 28, 2024. The order granted the motion of the defendants Town of Kent, Lake Carmel Park District, and Kent Recreation & Parks Department for summary judgment dismissing the complaint insofar as asserted against them. The judgment, upon the order, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Town of Kent, Lake Carmel Park District, and Kent Recreation & Parks Department.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In September 2021, the then 21-year-old plaintiff, an experienced basketball player, allegedly was injured while playing basketball on an outdoor basketball court (hereinafter the court) owned by the defendants Town of Kent, Lake Carmel Park District, and Kent Recreation & Parks Department (hereinafter collectively the defendants). The injury occurred when the plaintiff dunked a basketball and the palm of his right hand made contact with an S-hook affixing a chain metal net to the rim of the hoop, resulting in a laceration.
In April 2022, the plaintiff commenced this action to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated February 21, 2024, [*2]the Supreme Court granted the defendants' motion, determining, among other things, that the plaintiff's action was barred by the doctrine of primary assumption of risk. On February 28, 2024, a judgment was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
The doctrine of primary assumption of risk in the limited context of athletic and recreative activities, "because athletic and recreative activities possess enormous social value, even while they involve significantly heightened risks," employs "the notion that these risks may be voluntarily assumed to preserve these beneficial pursuits as against the prohibitive liability to which they would otherwise give rise" (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 94-95 [internal quotation marks omitted]). The doctrine defines "the standard of care under which a defendant's duty is defined and circumscribed because assumption of risk in this form is really a principle of no duty, or no negligence and so denies the existence of any underlying cause of action" (id. at 95 [emphasis and internal quotation marks omitted]).
The doctrine of primary assumption of risk provides that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Balgley v City of New York, 218 AD3d 427, 427 [internal quotation marks omitted]; see Morgan v State of New York, 90 NY2d 471, 484). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Balgley v City of New York, 218 AD3d at 427 [internal quotation marks omitted]; see Philius v City of New York, 161 AD3d 787, 794; Mendoza v Village of Greenport, 52 AD3d 788, 788). "It is not necessary to the application of the assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Philius v City of New York, 161 AD3d at 788 [internal quotation marks omitted]). "Awareness of risk is to be assessed against the background of the skill and experience of the particular plaintiff" (id. [internal quotation marks omitted]).
This doctrine "also encompasses risks involving less than optimal conditions" (Bukowski v Clarkson Univ., 19 NY3d 353, 356; see Balgley v City of New York, 218 AD3d at 427), and "[o]ne who voluntarily participates in a sport under suboptimal conditions will be deemed to have assumed the risk of such conditions if the risks are inherent to the sport and readily apparent to [the] plaintiff" (Katleski v Cazenovia Golf Club, Inc., 225 AD3d 1030, 1036 [internal quotation marks omitted], affd ___ NY3d ___, 2025 NY Slip Op 02178; see Bukowski v Clarkson Univ., 19 NY3d at 357).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them based upon the doctrine of primary assumption of risk. In support of their motion, the defendants submitted, among other things, a transcript of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h, an affidavit of the Town's crew chief who installed the chain metal nets, and an affidavit of the defendants' expert. The plaintiff, who graduated high school in 2018, was 21 years old at the time of the incident, and was an experienced basketball player, testified that he had played basketball his "whole life." He testified that he frequented the court and was aware of the chain metal net and that it was affixed to the rim with S-hooks. The plaintiff also testified that he had performed slam dunks "countless times" before, including on the court, and that his lower hand and upper wrist always contacted the rim when performing this skill.
Thus, the defendants demonstrated, prima facie, that they did not violate their duty to exercise ordinary reasonable care to protect the plaintiff from unassumed, concealed, or unreasonably increased risks, and that by voluntarily dunking a basketball despite his knowledge that doing so could bring him into contact with an open and obvious S-hook connecting the rim and chain metal net, the plaintiff assumed the risk of injury that was inherent in playing on the court (see Franco v 1200 Master Assn., Inc., 177 AD3d 858, 859; Philius v City of New York, 161 AD3d at 788).
In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them based upon the doctrine of primary assumption of risk, the plaintiff failed to raise a triable issue of fact.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court